# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:10-cr-136 |
| | ) | 4:10-cr-137 |
| | ) | 4:15-cr-019 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| RONNIE SMITH, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Now before the Court is a motion by defendant Ronnie Smith ("Smith") for reconsideration of the Court's memorandum opinion and order denying his renewed motion for a compassionate release. (Case No. 4:15-cr-019, Doc. No. 54 ["Mot. Recon."].[1]) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 55 ["Opp'n"].) For the reasons that follow, the motion for reconsideration is DENIED.

LAW AND DISCUSSION

On June 2, 2020, Smith filed a renewed motion for a compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). On June 17, 2020, after Smith had filed a supplement indicating that he had been subsequently diagnosed with COVID-19 (*see* Doc. No. 52), the Court conducted a hearing on Smith's motion wherein the Court heard evidence regarding the details surrounding

---

[1] Unless otherwise noted, all record citations are to Case No. 4:15-cr-019, and all page numbers refer to the page identification number generated by the Court's electronic docketing system.

Smith's positive COVID-19 test and his symptoms, as well as the steps taken by prison health officials to address these symptoms. At the hearing, Smith and his attorney advised that Smith had substantially recovered from the virus and was awaiting a return from quarantine to the general prison population.

On June 18, 2020, the Court denied Smith's renewed motion. (Doc. No. 53 ["MOO"].) While the Court determined that Smith's medical conditions, in combination with the health risks associated with COVID-19, constituted extraordinary and compelling reasons for purposes of the compassionate release statute, the Court concluded that consideration of the relevant 18 U.S.C. § 3553(a) sentencing factors did not support granting Smith a compassionate release. The Court also determined that Smith's early release would pose a danger to the community. (MOO at 519-21.) In reaching these conclusions, the Court underscored the fact that Smith had an extensive criminal history, "which spanned a period of more than 30 years and included convictions" for numerous violent offenses. (*Id*. at 520.) The Court also relied upon the fact that, prior to sentencing in the 2010 cases, Smith fled the jurisdiction and remained a fugitive for three years where he continued to commit crimes and utilize fraud and deceit (including employing aliases) to evade capture. The Court found that "shortening the sentence further to time-served would undermine the need for the sentence imposed to reflect the seriousness of these crimes and the disrespect Smith has shown toward the Court and the laws of this country." (*Id*. at 521.)

Smith now seeks redetermination of that decision. The Federal Rules of Civil Procedure do not expressly provide for reconsideration of a court's decisions and orders; however, a motion to reconsider may be treated as a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e). *See Inge v. Rock Fin. Corp*., 281 F.3d 613, 617–18 (6th Cir. 2002). A Rule 59(e) motion is

designed only to "correct manifest errors of law or fact or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). It is not a vehicle to reargue the case, or present arguments that could have and should have been raised in connection with an earlier motion. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). That is, Rule 59(e) is not designed to give an unhappy litigant an opportunity to relitigate matters already decided. *See Dana Corp. v. United States*, 746 F. Supp. 482, 488–89 (N.D. Ohio 1991).

Rule 59(e) motions are "extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007)). Accordingly, a Rule 59(e) motion to alter or amend may only be made for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. *See Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015); *see, e.g., Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). The proponent of the Rule 59(e) motion bears the burden of proof, and the decision to grant relief under the rule is within the sound discretion of the court. *See Engler*, 146 F.3d at 374 (citing *Keweenaw Bay Indian Cmty. v. United States*, 136 F.3d 469, 474 (6th Cir. 1998)).

Smith takes issue with the Court's determination that it lacked authority to place Smith on home detention as a component of his sentence. (*See* MOO at 521 [citing authority providing that the ability to designate home confinement at the end of a prisoner's sentence rests with the BOP].) By way of clarification, Smith explains that he is not requesting that the Court modify his existing sentence to provide for home confinement, but instead is asking the Court to reduce his sentence to time served and place him "on supervised release with the special condition that he

remain on home confinement through his current release date of February 18, 2023." (Mot. Recon. at 526.)

The Court accepts Smith's clarification and agrees that it has the authority to "reduce a term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)[.]" 18 U.S.C. § 3582(c)(1)(A). But while the Court may impose home confinement as a condition of supervised release, the reasons the Court declined to reduce Smith's sentence to time-served— respect for the law, seriousness of the offenses, and a disturbing history of violent crimes—apply with equal force to his request to be placed in home confinement during a period of supervised release. Moreover, while Smith notes (again) that the offenses for which he is currently serving time are not crimes of violence and that he has no recent convictions for crimes of violence, the fact remains that his history of violent crimes is well documented and the police found multiple weapons in his position when they executed the search warrants in connection with the 2010 offenses. (Doc. No. 29 (Final Revised Presentence Investigation Report ["PSR"]) at 211-12.) As the Court previously observed, home confinement would be contraindicated "given Smith's prior flight from the jurisdiction, nearly three-year absence as a fugitive, and his persistence in possessing weapons while prohibited from doing so." (MOO at 521, n.7.)

The remainder of the present motion is merely an attempt to reargue his renewed motion, repeating the same arguments originally advanced in support of compassionate release. Additionally, Smith's citation to other cases where compassionate releases were granted is unavailing. The compassionate release analysis is a highly individualized inquiry that takes into account a variety of relevant facts, and making comparisons to other factually dissimilar cases

4

unhelpful.[2] *See United States v. Amarrah*, No. 17-20464, 2020 WL 2220008, at *5 (E.D. Mich. May 7, 2020) (noting the "highly individualized inquiry posed by all compassionate release cases, particularly during this extraordinary pandemic"). Smith has failed to identify any cases where a prisoner with a history of violent crimes, illegal gun ownership, fugitive status and use of aliases was found suitable for immediate release.

The Court reiterates that it is sympathetic to Smith's difficult circumstances; namely, living in a prison environment with risk factors for serious complications due to COVID-19. And while the Court found that prison medical staff properly and effectively managed his virus—and have and continue to provide appropriate medical care for his underlying medical conditions—there is no way of knowing at the present time whether Smith's bout with COVID-19 will provide him future immunity from the virus. The fact remains that Smith's own actions and decisions have rendered a sentence reduction, even a reduction with a subsequent period of home confinement as part of supervised release, inappropriate.[3]

---

[2] For example, in *United States v. McClellan*, the district court granted a compassionate release to a prisoner who had already served 28 years of a sentence for drug trafficking and illegal weapons possession. (Case No. 1:92-cr-268, Doc. No. 221.)  In arriving at the conclusion that compassionate release was appropriate, the court relied, in part, on the fact that the prior practice of "stacking" multiple convictions under 21 U.S.C. § 924(c)(1)(A) was discontinued by the First Step Act and without the practice would have resulted in a considerably shorter sentence for the defendant. (Doc. No. 221 at 422-23.)

[3] Again, while the Court does not wish to be insensitive to Smith's legitimate concerns regarding his health during the current pandemic, it is worth noting that, had Smith originally appeared for sentencing in the 2010 cases, he would not have been charged with being a fugitive and sentenced to an additional 12 months on that offense and his release date would have been well before the pandemic started.

For all of the foregoing reasons, as well as the reasons previously announced by the Court and advanced by the government, Smith's motion for reconsideration is DENIED.

**IT IS SO ORDERED**.

Dated: July 24, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**